IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SARA J. SUTTON                                                                    PLAINTIFF

V.                              Case No. 4:26-cv-00104-JM-BBM

FRANK BISIGNANO, Commissioner,
Social Security Administration                                           DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Either party may file written objections to this Recommendation. Any objection should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Clerk of Court within 14 days of the date of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties also may waive the right to appeal questions of fact.

## I.      INTRODUCTION

Plaintiff Sara J. Sutton filed the above-captioned case under 42 U.S.C. § 405(g), challenging the denial of her request for Social Security benefits. (Doc. 2). After the Court denied her Application to Proceed in District Court Without Prepaying Fees or Costs, (Docs. 1, 3), and the Defendant answered by filing the Administrative Transcript, (Doc. 5), Sutton moved to dismiss her lawsuit. (Doc. 6). Having carefully reviewed the Motion, the entire record, and the relevant law—and given the lack of any objection or response from the Defendant—this Court recommends that the Motion to Dismiss be granted.

## II.    DISCUSSION

Although Sutton does not cite it, her Motion implicates Federal Rule of Civil Procedure 41(a), "which governs voluntary dismissals in ordinary civil litigation." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 435 (2023). Rule 41(a) thus governs voluntary dismissals in Social Security cases like this one.[1]

Under Rule 41(a)(1), a plaintiff may dismiss her lawsuit "as of right," *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990)—that is, "without a court order," FED. R. CIV. P. 41(a)(1)(A)—if she files *either* "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" *or* "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(i)-(ii). Such documents are "self-executing," *Foss v. Fed. Intermediate Credit Bank of St. Paul*, 808 F.2d 657, 659 (8th Cir. 1986), and "require no judicial approval or review as a prerequisite to dismissal; in fact, the dismissal is effective upon filing, with no court action required." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1080 (8th Cir. 2017).

Rule 41(a)(1), however, does not apply here because (1) Sutton has not filed a stipulation signed by the Defendant or his counsel; and (2) she requested dismissal *after* the Defendant answered the Complaint. Indeed, on April 2, 2026, the Defendant filed the Administrative Transcript, (Doc. 5)—which counts as his answer[2]—before Sutton filed her

---

[1] *See*, *e.g.*, *Sherrill v. Social Security Adm'n*, No. 3:23-cv-01270, 2024 WL 23158, *1 (M.D. Pa. Jan. 2, 2024) (granting Social Security plaintiff's motion for voluntary dismissal under Rule 41(a)(2)); *Addison v. Colvin*, No. CA 13-0192, 2013 WL 5236569, *1–2 (S.D. Ala. Sept. 17, 2013) (same).

[2] *See* RULE 4(a)-(b), SUPPLEMENTAL RULES FOR SOCIAL SECURITY ACTIONS UNDER 42 U.S.C. § 405(G) (an "answer must be served on the plaintiff within 60 days after notice of the action is given," and it "may be limited to a certified copy of the administrative record"); *see also Barnes v. Bisignano*, No. 2:25-

Motion to Dismiss later that day. (Doc. 6).[3] Given that timing, a "dismissal" could "no longer be had as of right" when Sutton filed her Motion. *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 220 (8th Cir. 1977).

But Sutton may still proceed under Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).[4] A plaintiff's Rule 41(a)(2) motion is "addressed to the sound discretion" of the district court, *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984), and requires the court to "consider" such "factors" as (1) "whether the [plaintiff] has presented a proper explanation for its desire to dismiss"; (2) "whether a dismissal would result in a waste of judicial time and effort"; and (3) "whether a dismissal will prejudice the defendants," *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999); *see Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (referring "to these as 'the *Hamm* factors'"). In this case, the Court will treat Sutton's Motion as seeking dismissal under Rule 41(a)(2). Applying the *Hamm* factors, the Court will recommend that the Motion be granted for the following reasons.

First, Sutton "has presented a proper explanation for [her] desire to dismiss," *Hamm*,

---

CV-02147, 2026 WL 627799, *1 (W.D. Ark. Mar. 5, 2026) ("the Commissioner answered the Complaint by filing the Social Security Transcript").

[3] According to the Notices of Electronic Filing, the filing times for the Administrative Transcript and Motion to Dismiss were, respectively, 12:18 p.m. and 1:03 p.m. on April 2, 2026.

[4] *See Polansky*, 599 U.S. at 435, 437 (Rule 41(a)(2) governs a "post-answer motion" for dismissal and "requires" a court order); *Adams*, 863 F.3d at 1079 ("Rule 41(a)(2) dismissals . . *do* require a district court's approval and a court order"); *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011) ("[B]ecause Defendants had already filed an answer, permission from the court was necessary for voluntary dismissal.").

187 F.3d at 950, and it's simply one of economics and resource allocation. Having been denied "In Forma Pauperis" status in this case, Sutton does not want to have to use her "inheritance" for the filing fee because she believes she needs to reserve those assets for her husband's medical treatment. (Doc. 6 at 1). The Court finds this to be a proper explanation for Sutton's dismissal request. *See, e.g.*, *SnugglyCat, Inc. v. Opfer Commc'ns, Inc.*, 953 F.3d 522, 528 (8th Cir. 2020) (district court did not abuse discretion in granting Rule 41(a)(2) motion of plaintiff, a "small company," which it "made in good faith" based on "its inability . . . to sustain the cost of continuing suit").

Second, the Court finds that a voluntary dismissal would *not* "result in a waste of judicial time and effort," *Hamm*, 187 F.3d at 950, considering that Sutton seeks dismissal "at the outset of the action" when "so little judicial time and effort ha[ve] been expended." *Thatcher*, 659 F.3d at 1214. Indeed, this case is subject to dismissal anyway based on Sutton's failure to pay the filing fee by March 6, 2026, as ordered by the Court. (Doc. 3).

Third, there is nothing to indicate that a voluntary dismissal will prejudice the Defendant. *Hamm*, 187 F.3d at 950. Were prejudice a concern, the Defendant would have responded to the Motion and said as much.

Lastly, the Court notes that Sutton does not specify whether she seeks a dismissal with or without prejudice. "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2). Considering that no party has requested a with-prejudice dismissal, the Court will recommend that this case be dismissed without prejudice. But in the spirit of full disclosure, the Court also cautions Sutton as follows: "'Without prejudice' does not mean 'without consequence.' If the case is

dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989).

## III.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.   Sutton's Motion to Dismiss be GRANTED. (Doc. 6).

2.   The Complaint be DISMISSED without prejudice. (Doc. 2).

3.   Judgment be entered for the Defendant.

DATED this 14th day of May, 2026.

_____
UNITED STATES MAGISTRATE JUDGE